UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DERRICK IVEY, | : | Hon. Susan D. Wigenton |
| Petitioner, | : | Civil No. 10-0916 (SDW) |
| v. | : | |
| KAREN BALICKI, et al., | : | OPINION |
| Respondents. | : | |

**APPEARANCES:**

    DERRICK IVEY, #401004B/4
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302
    Petitioner Pro Se

**WIGENTON**, District Judge

    Derrick Ivey filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Hudson County, on June 18, 2001.  For the reasons expressed below, and because the Petition, as drafted, shows that the claims are time barred, this Court will dismiss the Petition and deny a certificate of appealability.

**I.  BACKGROUND**

    Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Hudson County, on June 18, 2001, after a jury found him guilty of first-degree aggravated sexual assault, second-degree endangering the welfare of a child, and fourth-degree child abuse.  (Pet. ¶¶ 1-6.)  The Law Division imposed an aggregate 20-year term of imprisonment, with 10 years of parole ineligibility.  (Id. at ¶ 3.)   Petitioner appealed, and on

April 10, 2003, the New Jersey Superior Court, Appellate Division, affirmed.  (Id. at ¶ 9.)  On July 21, 2003, the New Jersey Supreme Court denied certification.  (Id.)  See State v. Ivey, 177 N.J. 495 (2003) (table).

Petitioner asserts that he filed a state petition for post-conviction relief on November 26, 2007.  (Pet. ¶ 11(a)(3)) (Docket entry #1 at p. 3.)  The Law Division denied relief and the Appellate Division affirmed on August 20, 2009.  (Docket entry #1 at p. 11.)  Petitioner does not indicate whether he sought review by the New Jersey Supreme Court.[1]

The cover letter for Petitioner's § 2254 Petition, which is presently before this Court, is dated February 10, 2010.  The Clerk received and filed the Petition on February 22, 2010.  The Petition raises eight grounds:

> Ground One:  IT WAS ERROR TO DENY THE PETITIONER'S DEFENSE COUNSEL MOTION FOR A JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT.
>
> Ground Two:  UNDER THE TEST DEVELOPED IN STRICKLAND/FRITZ THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> Ground Three:  THE SENTENCE PETITIONER RECEIVED WAS MANIFESTLY EXCESSIVE.
>
> Ground Four:  THE LOWER COURT ORDER MUST BE REVERSED SINCE PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> Ground Five:  THE LOWER COURT ORDER DENYING THE PETITION MUST BE REVERSED SINCE THE COURT ERRED IN DENYING PETITIONER'S MOTION FOR THE PRODUCTION OF MEDICAL RECORDS.

---

[1] This Court's independent electronic research revealed only one New Jersey court decision in Petitioner's name, i.e., State v. Ivey, 177 N.J. 495 (2003) (table).

>Ground Six: THE LOWER COURT ERRED IN NOT GRANTING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING AND THE COURT ORDER MUST BE REVERSED.
>
>Ground Seven: THE PETITIONER'S SIXTH AMENDMENT RIGHTS WERE VIOLATED BECAUSE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
>Ground Eight: THE PETITIONER'S RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES AND NEW JERSEY CONSTITUTION WAS VIOLATED BECAUSE PCR COUNSEL FAILED TO OFFER ANY CONTRADICTORY EVIDENCE TO ADVOCATE HIS CLIENT POSITION.

(Pet. ¶ 12) (Docket entry #1 at pp. 5, 7, 8, 10, 16.)

## II. DISCUSSION

A. Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner

3

is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

B. Statute of Limitations

Prior to substantively examining the Petition or ordering an answer, this Court will determine whether the face of the Petition shows that the claims are time barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks sufficient information to establish timeliness, but may do so where untimeliness is clear from the face of the petition or pled as an affirmative defense); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling.  See <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . .  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . .  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

<u>Artuz</u>, 531 U.S. at 8-9 (citations omitted); <u>see also</u> <u>Allen v. Siebert</u>, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2), whether the statute of limitations is jurisdictional or an affirmative defense).  A post-conviction relief application remains pending in state court until "the state

courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 549 U.S. 327, 332 (2007).[2]

The AEDPA statute of limitations is also subject to equitable tolling.  See Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008); Miller, 145 F.3d at 618.  "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'"  Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005) (equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims").  Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d

---

[2] Nor does a properly filed motion for discretionary reduction of the sentence, which does not challenge the lawfulness of the sentence, result in statutory tolling.  See Hartmann v. Carroll, 492 F. 3d 478 (3d Cir. 2007).

Cir. 2006) (internal quotation marks omitted).[3]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The judgment became final on October 20, 2003, the date on which the time for filing a petition for certiorari in the United States Supreme Court expired.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  The 365-day limitations period began the next day on October 21, 2003, and ran for 365 days until it expired on October 20, 2004, three years before Petitioner filed his first state petition for post-conviction relief on November 26, 2007.  (Pet. ¶ 11(a)(3))

In response to the question on the form § 2254 petition which provides, "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of

---

[3] For example, in Urcinoli v. Cathel, 546 F. 3d 269 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit determined that equitable tolling was warranted where the District Court's sua sponte dismissal of the first § 2254 petition as mixed (which dismissal occurred after the one year limitations period had already expired), prevented the petitioner in an extraordinary way from pursuing his exhausted claims, since the petitioner was not given the option of proceeding only on the exhausted claims.  Similarly, in Taylor v. Horn, 504 F. 3d 416, 426-27 (3d Cir. 2007), the Third Circuit affirmed the District Court's ruling that, where the District Court declined to stay a mixed § 2254 petition but noted that Taylor's filing of an exhausted petition would relate back under Federal Rule of Civil Procedure 15(c), equitable tolling was warranted.  And in Brinson v. Vaughn, 398 F. 3d 225, 230 (3d Cir. 2005), the Court of Appeals held that an extraordinary circumstance exists "where a court has misled a party regarding the steps that the party needs to take to preserve a claim."

limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition," Petitioner states: "The petitioner submits to this court that the instant petition is not time-barred by Section 2244(d) of AEDPA due to tolling effects of his PCR litigation." (Docket entry #1 at p. 13, ¶ 18.) However, because Petitioner did not file his first state petition for post-conviction relief until November 26, 2007, three years after the limitations period had expired, there was no time left on the limitations period to toll by the time Petitioner filed his state petition for post-conviction relief . See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).  Because the limitations period expired three years before Petitioner sought post-conviction relief, there was no statutory tolling.

Nor does anything in Petitioner's submission indicate that extraordinary circumstances prevented Petitioner from asserting his rights.  Even if Petitioner believed in good faith that the one-year limitations period began to run upon the conclusion of his state petition for post-conviction relief, such miscalculation of the limitations period, even when done by an attorney, "is simply not sufficient to warrant equitable tolling."  Lawrence, 549 U.S. at 336.  And excusable neglect is not an extraordinary circumstance warranting equitable tolling.  See LaCava, 398 F.3d at 275-276; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Similarly, Petitioner's submission does not show that he was diligent in pursuing his rights.  Petitioner did not pursue post-conviction relief until four years after his conviction became final.  As the Supreme Court observed in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid justification, to assert these claims in his . . . PCRA petition.  Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal.  And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court.  Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

In this case, Petitioner was not prevented from asserting his claims by extraordinary circumstances, and he did not exercise reasonable diligence.  Under these circumstances, equitable tolling of the statute of limitations for over three years is not available.  This Court will dismiss the Petition as time barred.

This Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition (which are not evident from the Petition), and he might wish to raise these grounds to show timeliness of his Petition, i.e., to account for the periods from October 21, 2004, through November 26, 2007, and from the conclusion of state court consideration of his post-conviction relief petition until February 10, 2010, the date on which he forwarded his § 2254 Petition to this Court for filing.  This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely.  This Court will administratively terminate the case for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

s/Susan D. Wigenton<br>
**SUSAN D. WIGENTON, U.S.D.J.**

DATED: March 17, 2010